```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY
```

DALE M. IRVING,

    Plaintiff,                 1:19-cv-7276-NLH-JS

    v.                         **ORDER**

BURLINGTON COUNTY NEW JERSEY,
UNKNOWN AGENT/EMPLOYEE OF
BURLINGTON COUNTY NEW JERSEY,
BURLINGTON COUNTY ADJUSTER,
and BOARD OF CHOSEN FREE
HOLDERS OF BURLINGTON COUNTY
NEW JERSEY,

    Defendants.

**APPEARANCES:**

DALE M. IRVING
939 CREEK COVE WAY
LOGANVILLE, GEORGIA 30052

    Appearing pro se.

EVAN H.C. CROOK
MALAMUT AND ASSOCIATES, LLC
457 HADDONFIELD ROAD, SUITE 500
CHERRY HILL, NEW JERSEY 08002

    On behalf of Defendants.

**HILLMAN**, District Judge

    WHEREAS, on June 12, 2018, Plaintiff filed an initial complaint in the United States District Court for the Northern District of Georgia (ECF No. 1); and

    WHEREAS, on July 11, 2018, Defendants moved to dismiss Plaintiff's action for failure to state a claim and for lack of

personal jurisdiction (ECF No. 8); and

WHEREAS, on July 24, 2018, Plaintiff filed an amended complaint in the Northern District of Georgia (ECF No. 12); and

WHEREAS, on August 7, 2018, Defendants moved to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) (lack of jurisdiction) and 12(b)(6) (failure to state a claim); and

WHEREAS, on February 26, 2019, the Northern District of Georgia granted Defendants' motion to dismiss and ordered that this matter be transferred to this District (ECF No. 19); and

WHEREAS, since this matter was transferred, Plaintiff has filed three motions for default judgment against Defendants (ECF Nos. 28, 29 & 31); and

WHEREAS, Plaintiff requests that default judgment be entered against Defendants pursuant to Federal Civil Procedure Rule 55 because Defendants did not re-file a motion to dismiss within this District or otherwise violated unspecified rules of civil procedure (ECF No. 28 at 2; ECF No. 29 at 5); and

WHEREAS, Plaintiff's motions pursuant to Fed. R. Civ. P. 55 are procedurally improper for two reasons:

(1) Plaintiff has by-passed the first step of the two-step process in obtaining a default judgment, which is to first obtain a clerk's entry of default prior to moving for default judgment.

See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, 175 F. App'x 519, 521, n.1 (3d Cir. 2006) (explaining that first, when a defendant has failed to plead or otherwise respond, a plaintiff must request the entry of default by the Clerk of the Court, Fed. R. Civ. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court, Fed. R. Civ. P. 55(b)); and

(2) Defendants have not failed to plead or otherwise respond to Plaintiff's amended complaint because they filed a timely motion to dismiss Plaintiff's amended complaint in the Northern District of Georgia and litigation remains ongoing in this District; and

WHEREAS, the Court must therefore deny Plaintiff's motions for default judgment;

Therefore,

IT IS HEREBY on this ___31st___ day of ___October___, 2019

ORDERED that Plaintiff's motions for default judgment (ECF Nos. 28, 29 & 31) be, and the same hereby are, DENIED.[1]

                                                                         s/ Noel L. Hillman
At Camden, New Jersey                            NOEL L. HILLMAN, U.S.D.J.

---

[1] Defendants' motion to dismiss Plaintiff's first amended complaint (ECF No. 33) remains pending before this Court and will be decided in due course.